# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| LARRY DUDLEY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  15-cv-1059 |
| | ) | |
| TODD A. STRONG and | ) | |
| SEAN OSWALD, | ) | |
| | ) | |
| Defendants. | ) | |

# <u>O R D E R & OPINION</u>

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) and Plaintiff's Motion to Request Counsel (Doc. 3). On February 2, 2014, Plaintiff filed a Complaint against Todd A. Strong and Sean Oswald, two attorneys employed by Strong Law Offices. (Doc. 1 at 1-2). As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's motions are denied and his Complaint is dismissed.

### FACTUAL BACKGROUND

Larry Dudley, Jr. has filed this Complaint against two attorneys: Todd Strong and Sean Oswald. He alleges that both Strong and Oswald "[r]efused to file the appropriate paperwork to ensure [he] received [his] medical & TTD payments," refused "to take any actions" after Plaintiff was wrongfully terminated, and "refused to file a vocational rehab claim" on his behalf. (Doc. 1 at 2). Plaintiff alleges that both Strong and Oswald "violated [their] oath[s] of office" and denied him his

rights. (*Id.*). Plaintiff asks that the Court terminate their license to practice law and award him $100,000,000 in damages. (*Id.* at 2, 7).

<h2 style="text-align:center">LEGAL STANDARDS</h2>

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . ." The same section instructs that courts "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

Dismissals pursuant to § 1915(e)(2)(B)(ii) are treated in the same manner as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Therefore, the court must take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Id.*

Pro se complaints are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam).

<h2 style="text-align:center">DISCUSSION</h2>

Under Rule 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . ." Fed. R. Civ. P. 8(a)(1). Plaintiff has used a form for pro se civil rights complaints that alleges jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). 28 U.S.C. § 1331 provides courts with jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. §1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983. Section 1983 provides a cause of action for individuals who were deprived of federal Constitutional rights by a person acting under color of state law. *See Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003).

In his Complaint, Plaintiff alleges that Defendants denied him of his rights. In order to serve the interests of justice, the Court construes this allegation as a claim for relief pursuant to 42 U.S.C. § 1983. Plaintiff fails to state a claim under 42 U.S.C. § 1983. To succeed, Plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and that that state action deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Case*, 327 F.3d at 566. Here, Plaintiff has failed to state a § 1983 claim because he has failed to allege that Defendants acted under color of state law and he has also failed to allege that Defendants deprived him of rights, privileges, or immunities secured by the Constriction or laws of the United States. *See id*. Therefore, any claim that Plaintiff has attempted to bring pursuant to § 1983 claim is dismissed.

It is possible that Plaintiff is also attempting to bring a state law claim for legal malpractice. The Court declines its jurisdiction to hear any state law claims Plaintiff may bring. "Federal courts are courts of limited jurisdiction" and courts "have an obligation at each state of the proceedings to ensure that [they] have subject matter jurisdiction over a dispute." *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). A

federal court may have original jurisdiction over state law claims when there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). It may also have jurisdiction over state law claims that are supplemental to those claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(a).

The Court does not have original jurisdiction over any state law claims Plaintiff might try to bring. Plaintiff has alleged that he is a citizen of Illinois. (Doc. 1 at 1). Plaintiff has made no allegations regarding the citizenship of Defendants, however the Complaint suggests both Defendants are citizens of Illinois. Therefore, it appears that there is no diversity of citizenship. *See* 28 U.S.C. § 1332.

The Court does have supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because any apparent state law claim arises from the same common nucleus of operative facts as Plaintiff's apparent § 1983 claim. *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007). The fact that the Court has supplemental jurisdiction does not mean it must exercise it. A court may decline to exercise jurisdiction when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In dismissing Plaintiff's § 1983 claim, the Court disposes of the single claim over which it has original jurisdiction. Because it dismisses the claim giving rise to original jurisdiction on a purely legal ground at the outset of litigation, the Court declines to exercise supplementary jurisdiction over Plaintiff's state law claims. *See Ross ex rel. Ross v. Bd. of Educ. of Tp. High School Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007).

IT IS THEREFORE ORDERED:

1.  Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is DENIED.

2.  Plaintiff's Motion to Request Counsel (Doc. 3) is DENIED.

3.  Plaintiff's Complaint, to the extent that it contains a claim for relief pursuant to 42 U.S.C. § 1983, is DISMISSED WITH PREJUDICE.

4.  Plaintiff's Complaint, to the extent that it contains a claim that rests on state law grounds, is DISMISSED WITHOUT PREJUDICE to pursuing any relief that may be available in state court.

Entered this 4th day of February, 2015.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge